IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 04-20088-01-JWL |
| ) | |
| JAMES HOLLY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion to reduce his sentence

pursuant to 18 U.S.C. § 3582(c)(1)(B) and the First Step Act of 2018 (Doc. # 89).  For the

reasons set forth below, the Court **denies** the motion.[1]


I.      **Background**

In 2005, defendant pleaded guilty to one count of possession with intent to distribute

50 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(A)(iii).  Defendant's plea agreement stated that he understood that the offense

called for a mandatory minimum term of imprisonment of 10 years; that the factual basis

of the plea involved controlled purchases and seizures of a total of 305.7 grams of crack

cocaine, 10 grams of cocaine HCL, and 597 grams of marijuana; that defendant was in fact

---

[1] On March 17, 2020, this case was reassigned to the undersigned judge.

guilty of the offense; and that the Government would recommend a sentence at the low end of the applicable sentencing guideline range, determined from the relevant conduct and including a three-level reduction for acceptance of responsibility.  The applicable guideline range, based in part on a total of 288.9 net grams of cocaine base attributed to defendant, was 121 to 151 months.  Defendant was subsequently sentenced to a term of imprisonment of 121 months followed by five years of supervised release.

In 2008, defendant, through counsel, moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a retroactive sentencing guideline amendment that yielded an amended sentencing range of 97 to 121 months.  Because of the statutory mandatory minimum sentence, however, defendant requested only a reduction to 120 months.  The Court determined that the amended range was 97 to 121 months, and it granted the motion, reducing defendant's term of imprisonment to 120 months, in accordance with the mandatory minimum.

On June 19, 2013, defendant was released from prison, and his term of supervised release began.  On March 7, 2014, the Court modified certain conditions of defendant's supervision, with defendant's consent, to allow for participation in a residential reentry center.  The Court noted in the order that defendant had tested positive for cocaine on multiple occasions and that defendant had admitted to using cocaine on a regular basis since his release.

On April 26, 2017, defendant stipulated to multiple violations of the terms of his supervised release, including the use of controlled substances, and the Court revoked the supervised release.  The Court sentenced defendant to a term of imprisonment of 12

months, followed by two years of supervised release. After serving that term, defendant was released from prison on May 16, 2018.

On November 5, 2019, defendant again stipulated to violations that included drug use, and the Court again revoked defendant's supervised release. The Court sentenced defendant to a term of imprisonment of 18 months, with no term of supervised release. Defendant now seeks a reduction in his sentence to time already served.

## II.   Analysis

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B) and the First Step Act of 2018. The former statute provides that a district court "may modify an imposed term of imprisonment to the extent otherwise permitted by statute." *See id.* Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *See* Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). "Covered offense" for purposes of that provision "means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." *See id.* § 404(a). Section 2 of the Fair Sentencing Act of 2010 amended 18 U.S.C. § 841 by raising the thesholds for five- and ten-year mandatory minimum sentences from 5 grams and 50 grams of cocaine base to 28

grams and 280 grams respectively.  *See* Pub. L. 111-220, § 2, 124 Stat. 2372, 2372 (2010).[2]
Thus, defendant's conviction under the cocaine provisions of 18 U.S.C. § 841 would be a
"covered offense" within the scope of Section 404 of the First Step Act.

Section 404 further provides:  "Nothing in this section shall be construed to require
a court to reduce any sentence pursuant to this section."  *See* Pub. L. No. 115-391, § 404(c),
132 Stat. 5194, 5222.  Thus, relief under these statutes is completely discretionary.  *See*
*United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019) (the fact that the defendant is
eligible for resentencing does not mean that he is entitled to it; Section 404(c) of the First
Step Act grants the district court discretion not to reduce the sentence), *cert. denied*, 2020
WL 1906710 (U.S. Apr. 20, 2020); *see also United States v. McKinney*, 382 F. Supp. 3d
1163, 1170 (D. Kan. May 9, 2019) (Lungstrum, J.) (citing Section 404(c); even if reduction
were authorized under the First Step Act, court would exercise its discretion to hold that a
reduction was not warranted in that case).  Moreover, the First Step Act authorizes only an
adjustment according to its terms – as if the Fair Sentencing Act had been in effect – and
does not permit a plenary resentencing.  *See United States v. Hamilton*, 790 F. App'x 824,
826 (7th Cir. 2020) (unpub. op.); *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir.
2019); *United States v. Wirsing*, 943 F.3d 175, 181 n.1 (4th Cir. 2019); *United States v.
Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *McKinney*,
382 F. Supp. 3d at 1165.[3]

---

[2] Section 3, which eliminated the statutory mandatory minimum sentence for simple
possession, *see* Pub. L. 111-220, § 3, 124 Stat. 2372, 2372, is not relevant here.

[3] Thus, there is no requirement of a hearing with defendant present.  *See Jackson*,
945 F.3d at 321.  The Court concludes that this matter may be decided without a hearing.

The Government notes that defendant is not now serving his originally-imposed term of imprisonment, but is instead serving a term imposed after revocation of his supervised release.  Nevertheless, the Government does not argue that defendant is ineligible for relief under the First Step Act for that reason.  The Supreme Court has stated that postrevocation penalties relate to the original offense, *see Johnson v. United States*, 529 U.S. 694, 701 (2000), and relying on that unitary framework of sentencing, the circuit courts that have addressed the issue have concluded that a defendant serving a sentence for a supervised release violation remains eligible for relief under Section 404 of the First Step Act.  *See United States v. Woods*, 949 F.3d 934, 937 (6th Cir. 2020); *United States v. Venable*, 943 F.3d 187, 193-94 (4th Cir. 2019).  The Court thus assumes that defendant is not precluded from relief in this case by the fact that he is presently imprisoned for a violation of supervised release.

The Government does argue that defendant is not entitled to relief because he would still be subject to the same 10-year mandatory minimum sentence, even if the changes from the Fair Sentencing Act were applied, because over 280 grams of cocaine base were attributed to him at sentencing.  As a preliminary matter, courts have generally held that meeting the requirement of a "covered offense" under Section 404 of the First Step Act depends on whether the Fair Sentencing Act modified the penalties for the defendant's statute of conviction, not for his conduct.  *See Jackson*, 945 F.3d at 319-20; *Wirsing*, 943 F.3d 185-86.  Thus, because defendant was convicted of violating the cocaine provisions of 18 U.S.C. § 841 and the Fair Sentencing Act modified the mandatory minimum for those offenses, defendant is eligible to seek a reduction under the First Step Act.

5

The Government nonetheless appears to argue that a reduction is not available here because sentencing defendant under the Fair Sentencing Act's modifications would not result in a different sentence.  As noted above, the Court previously applied a lowered guideline range – 97 to 121 months – to defendant, although it still applied the mandatory minimum of 120 months.  Thus, defendant's sentence would change under the Fair Sentencing Act only if the 10-year minimum no longer applied.  Defendant was charged with possessing 50 grams or more of cocaine base with intent to distribute, and if that amount were used, only a five-year minimum would apply under the Fair Sentencing Act's amendments.  If the amount found by the Court – 288 grams – were used instead, the 10-year minimum would still apply.  After the Supreme Court's decision in *Alleyne v. United States*, 579 U.S. 99 (2013), facts that increase the statutory minimum sentence must be found by a jury beyond a reasonable doubt.  *See id.*  In this case, defendant was charged based on the 50-gram amount; thus, defendant might argue in this case that that amount should be used, not the judge-found amount of 288 grams, and a five-year minimum should now apply.

In support of its argument, the Government cites *United States v. White*, 413 F. Supp. 3d 15 (D.D.C. 2019), *appeals filed* (D.C. Cir. Aug. 22, 2019), in which the defendants were charged with a conspiracy to distribute 50 grams or more of cocaine base, but were sentenced based on a quantity well in excess of 280 grams.  *See id.*  The court agreed with the weight of authority that, because the Fair Sentencing Act modified the penalties for the statute of conviction, the defendants were eligible for relief under the language of the First Step Act.  *See id.* at 31-38.  The court nevertheless concluded, after a

6

lengthy analysis, that reduced sentences were not available under the First Step Act because the Fair Sentencing Act had no effect there, as the quantities actually involved in the offenses meant that the applicable mandatory minimum sentence did not change for those defendants. *See id.* at 48-51. The court also concluded, after a thorough analysis, that *Alleyne* did not prevent use of the attributed quantity (instead of the 50-gram quantity charged and included in the jury verdict) for the following reasons: (1) *Alleyne* requires a jury finding before a penalty may be increased, but a modification under the First Step Act does not involve an increase in the defendant's sentence; (2) *Alleyne* does not apply because relief under Section 404 of the First Step Act is discretionary; and (3) *Alleyne* has not been made retroactive by the Supreme Court.[4] *See id.* at 42-47.

The court's analysis in *White* is persuasive. Indeed, the argument against applying *Alleyne* and its requirement of a jury finding in the present case is even stronger than in *White* because defendant pleaded guilty in this case (thus obviating the need for any jury finding), specifically admitting conduct that involved a quantity in excess of the new 280-gram threshold for a 10-year minimum sentence.

Nevertheless, the Court need not decide whether *Alleyne* should apply here or whether a reduced sentence is not available to defendant, in light of the Court's decision, applying its discretion, that no reduction is warranted in this case. *See Jackson*, 945 F.3d at 320 (the fact that the defendant is eligible for resentencing does not mean that he is entitled to it). First, a term of at least 10 years represents a fair sentence for defendant's

---

[4] The Tenth Circuit has noted that the Supreme Court has not made *Alleyne* retroactive. *See In re Payne*, 733 F.3d 1027 (10th Cir. 2013).

crime.  Defendant admitted to conduct involving 288 grams of cocaine base, an amount in excess of even the increased threshold for a 10-year mandatory minimum sentence.  There is no reason to believe that the Government would not have charged a 280-gram offense in the indictment, given the controlled purchases and seized amounts, if that amount had been the statutory threshold at that time.  Defendant acknowledged in the plea agreement that he was subject to a 10-year minimum sentence.

Second, the record reflects that defendant's use of illegal drugs has continued unabated after his releases from prison, with the result that the Court has imposed additional conditions of release once and has revoked his supervised release twice.  In light of those continued violations, a reduction would not result in a sufficient sentence for defendant's original offense.  *See Woods*, 949 F.3d at 938 (upholding district court's determination that crimes committed on supervised release indicated that the original sentence was not sufficient to promote respect for the law, protect the public, or adequately afford deterrence).

Defendant argues that the Court has the authority to reduce his sentence.  Defendant has not addressed, however, the quantity of crack cocaine involved in his original offense or his revocations.  Nor has defendant offered any reason why the Court *should* exercise its discretion to effect his present release from prison, despite the Court's revocation mere months ago.[5]  Accordingly, the Court in its discretion concludes that no reduction of

---

[5] In the conclusion to his reply brief, defendant states the Court should grant the requested relief because of the "spread . . . of COVID-19."  The Court will not address that basis for relief, however, in the absence of further details concerning the presence of the Continued…

defendant's sentence is warranted under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act, and defendant's motion is therefore denied.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B) and the First Step Act of 2018 (Doc. # 89) is hereby **denied**.

IT IS SO ORDERED.

Dated this 24th day of April, 2020, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

virus and defendant's exposure thereto at his place of confinement.  Such relief is more appropriately sought by motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides a procedure for seeking a reduction for extraordinary and compelling reasons.